**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CALLWAVE COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC, AND GOOGLE INC.,<br><br>Defendants. | C.A. No. 12-cv-1701-RGA |

**PLAINTIFF CALLWAVE COMMUNICATIONS, LLC'S**
**CONSOLIDATED MOTION TO AMEND**

Plaintiff CallWave Communications, LLC ("CallWave") respectfully moves to amend its complaints in the following related cases: 12-cv-1701, 12-cv-1702, 12-cv-1748, 12-cv-1788, and 13-cv-0074, pursuant to Fed. R. Civ. P. 15(a)(2).

## I. INTRODUCTION

CallWave appears as the Plaintiff in seven related cases currently pending before this Court against eleven Defendants. CallWave alleges infringement of various patents owned by or exclusively licensed to CallWave, including those relating to direct carrier billing, location-based services, and telephony services. CallWave's allegations of infringement were consolidated where permitted by the America Invents Act, 35 U.S.C. § 299.

The Defendants in the cases in which CallWave currently seeks leave to amend include: Google Inc. ("Google"); AT&T Mobility, Inc. ("AT&T"); Sprint Nextel Corp. ("Sprint"); Research In Motion Corp. and Research In Motion Ltd (collectively, "RIM"); Ring Central Inc. ("Ring Central"); Bright House Networks, LLC ("Bright House"); and Telovations Inc. ("Telovations"). In addition to the five cases in which CallWave seeks leave to amend,

there are two companion actions: one filed against Google and T-Mobile, USA Inc. ("T-Mobile"); and another filed against Verizon Communications, Inc., and Cellco Partnership, D.B.A. Verizon Wireless (collectively "Verizon") and Google.

CallWave's request for leave to amend its complaints is reasonable, non-dilatory, made in good faith, and will not prejudice any Defendant at this early stage in the proceedings. Furthermore, the proposed amended complaints will moot many if not most of the arguments of deficiency alleged by Defendants in their co-pending Motions to Dismiss.[1]

Additionally, and concurrently herewith, CallWave amends, as matter of right under Fed. R. Civ. P. 15 (a)(1)(B), the related complaints in the 12-cv-1703 and 12-cv-1704 actions against Google, T-Mobile, and Verizon to assert willful infringement and induced infringement. Those amended complaints also add new counts of infringement, asserted patents and accused products.

## II. STATEMENT OF THE RELEVANT FACTS

CallWave filed its initial complaints in these related cases on December 12, 2012 (12-cv-1701 through 12-cv-1704), December 21, 2012 (12-cv-1748), December 28, 2012 (12-cv-1788), and January 11, 2013 (13-cv-0074). On January 24, 2013, CallWave amended its complaint against AT&T and Google (12-cv-1701) to assert additional patents owned by CallWave and to allege post-filing willful infringement. On January 29, 2013, CallWave amended its complaint against Sprint and Google (12-cv-1702) with similar allegations of post-filing willfulness. CallWave also made similar amendments, and amendments to add parties, in

[1] Although the amendments sought by the present Motion include amendments that will likely moot most of Defendants' arguments advanced in their pending Motions to Dismiss, CallWave's operative complaints are sufficiently pleaded and meet the requirements of Fed. R. Civ. P. 12.

its cases against RIM and AT&T (12-cv-1748); RingCentral (12-cv-1788) (in which AT&T was also added as a defendant); and Telovations (13-cv-0074) (in which Bright House was also added as a defendant).

On April 1 and 2, 2013, Defendants AT&T, Sprint, Google, Verizon, RIM, and T-Mobile filed Motions to Dismiss CallWave's complaints for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Although CallWave's currently operative complaints meet all of the requirements of Rules 8 and 12, the amendments sought hereby will moot most the alleged defects in the operative complaints. The sought amendments will also add additional claims before any discovery or substantial proceedings. In its Consolidated Opposition to Defendants' pending Motions to Dismiss, filed concurrently herewith, CallWave opposes the remaining arguments made by Defendants in their several Motions to Dismiss. For clarity, CallWave will refer to the complaints it seeks to file hereby as "the Amended Complaints," and will refer to the complaints upon which Defendants base their Motions to Dismiss as "the Operative Complaints."

Filed herewith is a copy of CallWave's proposed Second Amended Complaint in this action, together with a redline version demonstrating changes from the First Amended Complaint.

## III. ARGUMENT

### A. Applicable Legal Standards

When amending a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the law of the regional circuit applies. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009). "The Third Circuit has adopted a liberal approach to the amendment of

pleadings." *St. Clair Intellectual Prop. Consultants v. Hewlett-Packard Co.*, 2012 U.S. Dist. LEXIS 42749, *3 (D. Del. 2012) (*citing Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990)). "In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party." *Id.* (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). While leave to amend is not automatic, leave should not be denied absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. "There is, of course, no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" *Arthur v. Maersk*, 434 F.3d 196, 205 (3d Cir. 2006).

**B. CallWave's Motion to Amend Is Not Dilatory.**

This request for leave to amend the Operative Complaints in the 12-cv-1701, 12-cv-1702, 12-cv1748, 12-cv-1788, and 13-cv-0074 actions is timely. It comes approximately three months after the Operative Complaints were filed, and less than three weeks after Defendants' filing of Motions to Dismiss. Much of the time that has passed since CallWave's filing of its Operative Complaints was occasioned through Defendants' actions or CallWave's accommodation of requests by the Defendants for extensions to file responses. *See, e.g.,* 12-cv-1701, D.I. 7; 12-cv-1702, D.I. 7.; 12-cv-1701, D.I. 8, 11; 12-cv-1702, D.I. 9; 12-cv-1748, D.I. 11, 17, 21; 12-cv-1788, D.I. 11, 12; 13-cv-0074, D.I. 7, 14. At this point, the Defendants have had sufficient time to assess CallWave's claims, and CallWave's interests in having its claims heard expeditiously will be prejudiced by further discretionary delays.

### C. Defendants Will not Be Prejudiced by the Present Amendments.

Defendants will not be prejudiced by the allowance of the instant Motion. This is particularly true given the early stage of the proceedings, at which time neither discovery nor any substantive proceedings have taken place. *See Endo Pharms. v. Mytan Techs.*, 2013 US. Dist. LEXIS 32931, *11 (D. Del., Mar. 11, 2013) (allowing leave to amend where defendant would not be prevented from presenting facts or evidence, given the early stage of the proceeding).

Moreover, Defendants will not be prejudiced by the amendments sought hereby because the additional claims of infringement are of the same essential nature as those that have existed in the case since its inception. By the proposed amendments, CallWave seeks to add only a total of only two new patents (Nos. 7,839,987 and 8,064,588) to the total of eight others already asserted in the related actions.

The two new patents generally relate to similar technology and involve the same inventors as listed on patents asserted since the initiation of these related actions. Further, one (the 8,604,588 Patent) is a continuation of an already-asserted patent (7,636,428) and is subject to a terminal disclaimer co-extensive with that to which the already asserted '428 patent is subject.[2] Finally, only one new accused product is sought to be alleged against any of the five above captioned Defendants.

Granting leave to amend at this early stage is therefore the best avenue to allow all of CallWave's closely related claims against the same group of Defendants to be resolved.

[2] The terminal disclaimer was filed by the applicant during prosecution of the '588 patent in order to overcome an examiner rejection for non-statutory "double patenting." Ex. C, pp. 1-15. Generally, a non-statutory double patenting rejection is issued when an application contains claims that are not patentably distinct from the reference claim (s*ee, e.g., In re Berg*, 140 F.3d 1428,46 USPQ2d 1226 (Fed. Cir. 1998) – in this case, the claims of a parent application. Ex. A, pp. 1-15. The claims of the '428 patent were rejected on the same basis, which rejection was overcome by a terminal disclaimer of the same extent. Ex. A, pp. 16-42.

Because the facts and issues will substantially overlap, granting leave to amend would allow the Court to dispose of all claims between the parties in one proceeding. *See Trueposition, Inc. v. Allen Telecom, Inc.*, 2002 U.S. Dist. LEXIS 12848 (D. Del. July 16, 2002).

**D. CallWave Seeks Leave to Amend for a Proper Purpose.**

Defendants have chosen to respond to CallWave's Operative Complaints through motions to dismiss based on alleged deficiencies with the form of those complaints. CallWave seeks leave to amend the operative complaints in order to (1) expeditiously dispatch the disputes raised by Defendants in their pending motions to dismiss; (2) assert new claims directed to Defendants' infringement of additional CallWave patents prior to any substantial proceedings or discovery; and (3) to conform the pleadings in these actions to those in the parallel actions (12-cv-1703 and 12-cv-1704) for which CallWave has amended its complaints by right. Further, to the extent the related cases will be consolidated and involve common issues, the interests of justice will be served by conforming the pleadings.

CallWave is not seeking the present amendments for a dilatory purpose or in bad faith. Indeed, CallWave endeavored to add such claims prior to any discovery or substantial proceedings, at the most opportune juncture, and in order to ensure all of CallWave's claims are addressed in one proceeding. This is not a case in which there have been "repeated attempt[s] to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. Finally, the proposed amendments are not futile. Indeed, although CallWave disputes the merits of the objections to the form of the pleadings raised by the Defendants in their several Motions to Dismiss, the amendments sought hereby will obviate further investment of judicial and private resources in resolving such disputes adversarially.

## IV. CONCLUSION

For the foregoing reasons, CallWave respectfully requests that this Court grant leave to amend its complaint in the above captioned action, in the form filed herewith.

OF COUNSEL

Noah V. Malgeri
Benjamin M. Snitkoff
Lauren Reznick
(all admitted pro hac vice)
Pepper Hamilton LLP
125 High Street
19th Fl. High Street Tower
Boston, MA 02110
(617) 204-5100

Dated: April 18, 2013

/s/ *James G. McMillan, III*
Edmond D. Johnson (Del. Bar. No. 2257)
James G. McMillan, III (Del. Bar. No. 3979)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
(302) 777-6539
*johnsone@pepperlaw.com*
*mcmillaj@pepperlaw.com*

*Attorneys for Plaintiff CallWave Communications, LLC*

**STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1**

I, James G. McMillan, III, certify that a reasonable effort has been made to reach agreement with the opposing parties on the matters set forth in this motion.

/s/ *James G. McMillan, III*
James G. McMillan, III (No. 3979)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2013, a copy of Plaintiff CallWave Communications, Inc.'s Motion to Amend the Complaint, was served electronically with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following counsel of record:

Benjamin J. Schladweiler, Esquire
Collins J. Seitz, Jr., Esquire
Seitz Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801

Jack B. Blumenfeld, Esquire
Paul Saindon, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

/s/ *James G. McMillan, III*
James G. McMillan, III (#3979)