

**Pepper Hamilton LLP**
Attorneys at Law

Hercules Plaza, Suite 5100                                                    Edmond D. Johnson
1313 Market Stret                                                     Direct line 302-777-6539
P.O. Box 1709
Wilmington, DE  19899-1709
302.777.6500

February 12, 2015

The Honorable Richard G. Andrews          **REDACTED VERSION**
United States District Court for the       **DATED FEBRUARY 19, 2015**
District of Delaware
844 N. King Street
Wilmington, DE 19801-3555

Re:     Callwave Communications LLC v. AT&T Mobility, LLC *et al.*,
        Case Nos. 12-cv-1701; 12-cv-1702; and 12-cv-1703

Dear Judge Andrews:

I write on behalf of Plaintiff Callwave Communications, LLC ("Callwave") to request the Court's assistance to resolve the following disputes, about which the parties have conferred.

**Issue 1:  Use of Certain Documents in the IPR Proceedings**

Callwave seeks an exception to the Protective Order to allow use of the documents listed in Appendix 1 ("Privity Documents") in related *inter partes* review ("IPR") proceedings.   Specifically, Callwave asks the Court to allow disclosure of the Privity Documents to the Patent Trial and Appeal Board ("PTAB") and IPR counsel without activating the Prosecution Bar.

<u>Need to Show Privity:</u>  The PTAB may not institute an IPR if it "is filed more than 1 year after the date on which the petitioner . . . or privy of the petitioner is served with a complaint alleging infringement of the patent.  35 U.S.C. 315(b).  Location Labs ("Petitioner"), which supplies the accused functionality to AT&T, Sprint and T-Mobile ("Defendants"), filed a first IPR petition nearly a year after Callwave filed its complaint against Defendants -- which was largely denied.  Seeking a second bite at the apple, Location Labs submitted a second IPR petition 6 months later, which is prohibited if AT&T, Sprint or T-Mobile is a privy of Location Labs.

<u>The Privity Documents Show Privity:</u> A privy is defined as, *inter alia,* "a non-party whose interests were adequately represented by a party in the original suit."  *Asahi Glass Co., Ltd v. Toledo Engineering Co., Inc.*, 505 F. Supp. 2d 423, 434 (N.D. Ohio 2007.)  Privity can be shown when (1) the parties have a common legal interest to jointly defend, (2) the parties have entered an indemnification agreement that gives the party ample incentive to defend their joint interests vigorously, and (3) the parties have retained joint counsel.  *Id.* Lead IPR counsel, Mark Hogge, is counsel of record for T-Mobile and Sprint and adequately protects Defendants' interests.  Moreover, Callwave demonstrated in its February 9, 2015 letter to the Court how the Privity Documents show that the *Asahi Glass* elements are met.  (Ex. A.) ███████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████  Yet, despite their relevance, the Privity Documents are currently unknown to Callwave's IPR counsel and to the PTAB.

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Richard G. Andrews                                                    Page 2
February 12, 2015

<u>Privity Documents Are Not Available By Other Means:</u>  The PTAB does not allow discovery unless the requesting party has more than a "mere allegation that something useful will be found."  The requesting party must "already be in possession of evidence tending to show beyond speculation that in fact something useful will be uncovered."  *Garmin International v. Cuozzo Speed Technologies LLC*, IPR2012-00001, Paper No. 26 (March 5, 2013).  The requesting party cannot request information it could "reasonably figure out or assemble without a discovery request."  *Id.*  While withholding the Privity Documents, Location Labs' IPR counsel argued that Callwave should not get such discovery in the IPR and that Callwave should seek such privity documents from the District Court:  (see Ex. B. at 14:5-15)

**Judge Perry:**  I understand that.  But I recall fairly clearly that you argued to us in a very similar request during a conference call earlier -- … -- that the appropriate forum for the request made by Patent Owner was indeed the District Court.

**Mr. Cummings:** Correct. And I think that's still the case, and that, of course is one of the factors.

<u>Confidentiality of the Documents Will Be Maintained:</u>  The PTAB has adequate procedures in place to maintain the confidentiality of documents.   If necessary, Defendants may remove technical information before providing them to IPR counsel, which resolves any concerns regarding inadvertent disclosure and the alleged need for a Prosecution Bar.  Moreover, if Defendants have particular concerns, that can be addressed in a stipulated protective order in the PTAB.

## 2.  Production of AT&T indemnification documents withheld for privilege

To support their pending motion to stay, Defendants affirmatively deny privity with their indemnitor, Location Labs, so such information is directly relevant in this litigation, as well as in the pending IPR. Callwave previously moved for production of Defendants' correspondence with Location Labs about indemnification. (*See* D.I. 179 at page 2).Defendants agreed to produce such correspondence up until Location Labs allegedly accepted indemnity, which led to the production of the Privity Documents. (Transcript of Sept. 16, 2014 Hearing at 5:25-6:1).  However, Mr. Ruthenberg represented on behalf of all Defendants that no other indemnification communications exist.  (*Id* at 6:17-18).  Accordingly, the Court determined there was no dispute, but required Defendants to give written assurance of Mr. Ruthenberg's representation.  (*Id* at 6:19-20).  AT&T was unable to do so, admitting such documents exist.  (Ex. C, Email Chain between M. Hogge and G. Bishop, at pg. 3).  Location Labs made the same false representation to avoid the Northern District of California's August 29, 2014 Order regarding this issue.  (Ex. D, Email Chain between S. Eskandari and G. Bishop, at 1).  Even after AT&T's admission, Location Labs continued to deny their existence until Callwave prepared another discovery letter, when Location Labs finally provided a privilege log (attached hereto at Ex. E) listing communications with AT&T. ("Withheld Documents").

AT&T attempts to protect the Withheld Documents by invoking the common interest doctrine. *Id.*  The burden of establishing an underlying privilege lies with AT&T, which it has not met.  It appears that Location Labs and AT&T were negotiating the scope of indemnification and whether and to what extent Location Labs would undertake the defense.  *Id.*  A common interest requires:  (a) that the communications be made in the course of the joint defense effort, (b) that they were made to further that effort, and (c) the privilege has not been waived.  *See United States v. Bergonzi*, 216 F.R.D. 487, 495 (N. D. Cal. 2003).  The parties' interests in indemnification were divergent (AT&T seeking to minimize its exposure to the litigation and Location Labs seeking to minimize its indemnity obligations).  Any privilege was waived when it was shared with Location Labs with whom AT&T did not share a common interest.  At the very least, the claim of work-product privilege would not apply to substantial portions of the communications which are likely facts (not mental impressions).  *Compare Lord Abbett Mun. Income Fund, Inc. v. Asami*, No. C-12-03694 DMR, 2013 U.S. Dist. LEXIS 147830, at *15 (N.D. Cal. Oct. 11, 2013) *citing U.S. Bank Nat'l Ass'n v. U.S. Timberlands Klamath Falls*, L.L.C., C.A. No. 112-N, 2005 Del. Ch. LEXIS 95, at *9 (Del. Ch. June 9, 2005)

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Richard G. Andrews                                                         Page 3
February 12, 2015

Moreover, consistent with the general work product doctrine, a party may discover such information by demonstrating a "substantial need for the materials to prepare its case and [that it] cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). Here, the indemnification communications likely contain information about the accused products and which party supplies the infringing functionality, facts that Location Labs and Defendants have gone to great lengths to conceal. Also, the continued discussions about indemnity are likely to contain further evidence of privity between Location Labs and AT&T, just as the Privity Documents do.

### 3. Defendants' Failure to Schedule Depositions

Finally, Defendants persist in their refusal to provide dates for depositions in the '970 Track litigations. This is particularly egregious given that Callwave noticed these depositions 6 weeks ago, and previously raised this failure with the Court at the hearing on January 23rd, during which the Court instructed that he expected the parties to "keep moving forward". Transcript of Jan. 23rd Hearing at 11: 13-14. Further, the deposition requested by Defendants in the '970 Track has already been *completed*, and all depositions requested by Defendants in the *Call Processing* Track have already been scheduled. In their objections and responses to Callwave' deposition notices, all Defendants have *agreed* to provide witnesses on several noticed topics, but nonetheless refuse to provide any dates to do so. Formally, Defendants weakly protest that they are justifiably refusing to provide any dates for *any* witnesses on *any* topics (even unobjected-to topics), so long as they unilaterally raise any objection to any other noticed topic. Obviously, such obstructionism cannot be permitted, as this would provide a party with an unreasonable, unilateral veto on all testimonial discovery. Callwave has offered to meet and confer with Defendants regarding their objections to noticed topics,(*See* Ex. F , Email from G. Bishop to All Counsel, Feb. 10, 2015) but Callwave suspects that rather than advancing any substantive concern, Defendants thus justify their refusal to provide dates simply to hold up discovery. Thus, it appears that Defendants have indeed determined to unilaterally grant themselves a suspension of discovery, at least pending the Court's decision on their Motion to Stay, just as Callwave feared they would. Callwave therefore again asks the Court to direct Defendants to participate in discovery and provide dates for their depositions in the '970 Track.

Counsel are available if you have any additional questions or concerns in this regard.

Respectfully,

*/s/ Edmond D. Johnson*

Edmond D. Johnson (Del. Bar No. 2257)

**Attachment: Appendix 1**

#32439594 v1



Hercules Plaza, Suite 5100                                                                Edmond D. Johnson

1313 Market Stret                                                                Direct line 302-777-6539

P.O. Box 1709

Wilmington, DE  19899-1709

302.777.6500

## APPENDIX 1

### SPRINT
- SPT-CW-D00000446-567
- SPT-CW_D00000623-633
- SPT-CW_D00015648-49

### T-MOBILE
- TM-CW00000074-113
- TM-CW00010057-58
- TM-CW00010059
- TM-CW00010060-61
- TM-CW00010062-63

### AT&T
- ATT-CW-FM-00005261-336
- ATT-CW-FM-00005337-39
- ATT-CW-FM-00005340-41
- ATT-CW-FM-00005342-43
- ATT-CW-FM-00005344

### COMMON
- Letter from Karen Jacob to The Honorable Richard G. Andrews, dated September 15, 2014.

## CERTIFICATE OF SERVICE

I, Edmond D. Johnson, hereby certify that on February 12, 2015 a copy of *Plaintiff*

*Callwave Communications, LLC's Letter to The Honorable Richard G. Andrews and Exhibits*

*A and F* were served by e-mail on the following counsel of record:

Benjamin J. Schladweiler, Esquire
Collins J. Seitz, Jr., Esquire
Seitz Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801

*Attorneys for AT&T Mobility, LLC*

Karen Jacobs, Esquire
Stephen J. Kraftschik, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

*Attorneys for Sprint Spectrum L.P., Sprint
Communications Company L.P.*

Arthur G. Connolly, III, Esquire
Mary I. Akhimien, Esquire
Ryan Patrick Newell, Esquire
Connolly Gallagher LLP
The Brandywine Building
1000 North West Street, 14th Floor
Wilmington, DE 19801

*Attorneys for T-Mobile USA Inc.*

/s/ *Edmond D. Johnson*
Edmond D. Johnson (#2257)