IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLWAVE COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY, LLC, et al., <br><br> Defendants. | Civil Action No. 12-1701-RGA |
| CALLWAVE COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SPRINT NEXTEL CORP., et al., <br><br> Defendants. | Civil Action No. 12-1702-RGA |
| CALLWAVE COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA INC., et al., <br><br> Defendants. | Civil Action No. 12-1703-RGA |
| CALLWAVE COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON SERVICES CORP., et al., <br><br> Defendants. | Civil Action No. 12-1704-RGA |

1

| | |
|---|---|
| CALLWAVE COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY, LLC, et al., <br><br> Defendants. | Civil Action No. 12-1788-RGA |

## MEMORANDUM ORDER

On December 12, 2012, Plaintiff CallWave Communications, LLC filed the instant actions for patent infringement against Defendants AT&T, Google, BlackBerry, Sprint, T-Mobile, and Verizon. The cases were divided into three tracks. (D.I. 55).[1] Defendants moved to stay the track with respect to U.S. Patent No. 6,771,970 ("the '970 patent"). (D.I. 228).

On May 18, 2014, the Patent Trial and Appeal Board ("PTAB") instituted an *Inter Partes* Review ("IPR") of Claim 18 of the '970 patent. (D.I. 105, Ex. 1). Defendants moved to stay the '970 track pending the resolution of the IPR. (D.I. 104). The Court denied the motion on September 16, 2014. (D.I. 158). On December 2, 2014, the PTAB instituted an IPR of all remaining claims of the '970 patent. (D.I. 229 at p. 1). Defendants then renewed their motion to stay. (D.I. 228).

In determining whether to grant a stay, the court considers: (1) whether granting the stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any

---

[1] All references to docket items refer to C.A. 12-1701.

2

delay, or a clear tactical disadvantage. *See, e.g., Vehicle IP LLC v. Wal–Mart Stores, Inc.*, 2010 WL 4823393, *1 (D. Del. 2010).

The Court finds that the first factor favors a stay. The two pending IPRs have the potential to simplify issues for trial. Plaintiff argues that the second IPR was procedurally improper, as Defendants were in privity with the third party who requested the IPR. (D.I. 250 at 8). Therefore, Plaintiff argues that if the second IPR is dismissed, the situation is the same as when the Court denied the first motion to stay. The Court finds that even if the second IPR is dismissed, the first IPR is likely to alter the landscape in such a way as to simplify matters for trial. In addition, it is uncertain whether the second IPR will be dismissed. If it is not, the proceedings will be further simplified. Defendants have stipulated that they will not assert as prior art any prior art combinations that are relied upon by the PTAB. (D.I. 229 at p. 7).

With respect to the second factor, no trial date has been set. Discovery is more advanced than would be ideal, but the Court notes that few depositions have been taken and expert discovery has not yet begun. The Court therefore finds that this factor favors a stay.

The Court does not find that granting a stay will cause Plaintiff to suffer undue prejudice. CallWave is not a competitor of Defendants. Any purported harm that CallWave suffers from a stay can be fully compensated by monetary damages. This factor therefore has little impact.

Considering all the circumstances, the Court finds that a stay is warranted. **IT IS HEREBY ORDERED** that Defendants' motion to stay (D.I. 228) is **GRANTED**.

Entered this 18th day of March, 2015.

*Richard G. Andrews*
United States District Judge

3