IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, L.L.C., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 1:12-cv-01701-RGA |
| | : | |
| AT&T MOBILITY LLC, and GOOGLE, INC. | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, L.L.C., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 1:12-cv-01702-RGA |
| | : | |
| SPRINT SPECTRUM L.P., GOOGLE, INC., and SPRINT COMMUNICATIONS COMPANY L.P. | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, L.L.C., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 1:12-cv-01703-RGA |
| | : | |
| T-MOBILE USA INC. and GOOGLE, INC., | : | |
| | : | |
| Defendants. | : | |

```
CALLWAVE                              :
COMMUNICATIONS, L.L.C.,               :
                                      :
            Plaintiff,                :
                                      :
      v.                              :   C.A. No.: 1:12-cv-01704-RGA
                                      :
VERIZON SERVICES CORP., GOOGLE,       :
INC., and CELLCO PARTNERSHIP d/b/a    :
Verizon Wireless                      :
                                      :
            Defendants.               :
```

**RULINGS AND RECOMMENDATIONS RELATIVE TO CALLWAVE'S MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY**

A hearing was held on May 28, 2015 in connection with discovery disputes between Callwave and Google. Letter briefs were submitted by Callwave on May 26, 2015 and by Google on May 27, 2015. Callwave maintains that Google should be compelled to provide 30(b)(6) deposition testimony on five of the topics identified by Callwave.[1] Google argues that Callwave's requests for additional testimony were untimely. This Order addresses the merits of Callwave's requests. I find as follows:

1. With regard to Topic 3, Callwave requests information relating to corporate organization and departmental structure relating to the design, development, and integration of the accused product. Specifically, Callwave seeks information regarding Google Voice's integration into other Google products and services, and the other information shared with those other products and services. Google submits that Callwave's interpretation of Topic 3 is not consistent with its prior requests directed at corporate organizational structure and is now seeking

---

[1] After some discussion at the hearing, Callwave agreed to waive two of its requests relating to Topics 7 and 8.

something different than the original Topic 3 involving integration. It further submits that it has already produced technical and business witnesses responsive to the original Topic 3. I do not find that the request falls so outside the confines of the original Topic 3 or so burdensome to Google that it should not apply here. I order Google to provide the testimony Callwave seeks, limited specifically to information regarding Google Voice's integration into other Google products and services, and the information shared with those other products and services.

2. With regard to Topic 14, Callwave requests information related to the source code for the accused product, which it maintains is directly related to the basic operation of the accused product, including information about the different versions and maintenance. Callwave asserts that the source code is probative of the issue of infringement and that the dates which certain functionality was released is probative to the damages. Google maintains that this request is unnecessary and burdensome, as it would be impossible to prepare a witness on the millions of lines of source code Google has produced. Further, Google submits that Callwave has declined to limit its request to any discrete and relevant issue, or "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Finally, Google suggests that to compel the 30(b)(6) witness to testify regarding the functionality of a source code would inappropriately shift the burden of analyzing and interpreting the code to the defendants. *CIF v. Agere,* 2009 WL 187823 (D. Del. Jan. 23, 2009). I agree. No questions were posed to

deponent Matt Riley[2] on the source code when Callwave had the opportunity to do so. I deny Callwave's request on this topic that Google present a witness to testify on the structure and function operation of the source code. However, if Callwave seeks authentication of the source code, Google shall so provide that authentication, which can be done without the need for further deposition testimony.

3. With regard to Topic 16, Callwave requests information regarding third-party vendors which sell, market, or advertise the accused product. It maintains that the way in which the accused product is marketed and sold is relevant to its damages case. While this information may be a generic topic issued to defendants in patent litigation, I do not find the request to be relevant here. Google does not rely on third-party vendors to provide telephone functionality, but rather provides Google Voice. Google has already supplied testimony and produced documentation on its product, and the identity and relationship of principal vendors to Google can be determined from its document production. I deny Callwave's request on this topic.

4. Callwave requests that Google provide notes used by Mr Maccoun in preparation of his factual testimony as a 30(b)(6) corporate representative and which he identified during his deposition. The notes are ones that Mr. Maccoun took during meetings with other Google employees and his lawyers. Although Callwave does not seek privileged communications, it requests the factual

---

[2]Google's designee for providing technical information regarding the functionality of Google Voice

information Mr. Maccoun learned during his 30(b)(6) preparation from firsthand witnesses. Google submits that the notes taken by Mr. Maccoun are protected by the attorney work product doctrine, and therefore, Google should not have to produce those notes. I agree. At the time of the hearing, I confirmed that Google had offered the factual information contained within those notes to Callwave and was still willing to do so. I therefore order Google to provide only the <u>factual</u> information contained within those notes. The onus is incumbent upon Callwave to identify the information it believes it is lacking. This gives Callwave the information it seeks and does not require a production of the notes (which could also contain mental impressions and other privileged communications). Google will have one week to provide the information once it receives the request from Callwave.

5. Callwave requests that Google produce "cross licenses" that could potentially include patents that relate to Google Voice. While I acknowledge Google's contention that production of the cross licenses is burdensome and that the cross licenses are not comparable or relevant to a proper analysis of Callwave's damages, I find the request to be sufficiently narrow to specific companies. Furthermore, because Mr. Maccoun in his deposition testimony identified these materials as potentially relevant and probative, the request is appropriate and covered by the current outstanding discovery request. I order Google to provide the cross licenses with Cisco, LG, Samsung, Ugmode, Superfish, IBM, and Xerox. I recognize that there are potentially third party confidentiality provisions and agreements in some of these cross licenses and expect Google will diligently

attempt to obtain the documents it is ordered to produce. However, if an issue arises with production of some of the documents because of the confidentiality obligations in place, it should be brought to my attention for further consideration. Similarly, I find Callwave's request that Google produce membership agreements with RPX and AST to be appropriate. I order Google to produce those documents.

Such is the Ruling and Recommendation of the Special Master.

YVONNE TAKVORIAN SAVILLE
Special Master
United States District Court
for the District of Delaware

Dated: 6/1/15