# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A No. 12-1701 (RGA) |
| | ) | |
| AT&T INC., AT&T MOBILITY, LLC and GOOGLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| CALLWAVE COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1702 (RGA) |
| SPRINT SPECTRUM L.P., SPRINT COMMUNICATIONS COMPANY L.P., and GOOGLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| CALLWAVE COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1704 (RGA) |
| | ) | |
| VERIZON SERVICES CORP, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS and GOOGLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| BROADSOFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A No. 13-0711 (RGA) |
| | ) | |
| CALLWAVE COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF CALLWAVE COMMUNICATIONS, LLC'S MOTION TO SHORTEN THE BRIEFING SCHEDULE ON PLAINTIFF CALLWAVE COMMUNICATIONS, LLC'S MOTION TO STRIKE TESTIMONY OF DR. ELDERING AND ASSOCIATED <u>DOCUMENT PRODUCTIONS</u>**

Plaintiff Callwave Communications, LLC ("Callwave") hereby moves to shorten the briefing periods on Callwave's Motion To Strike Testimony Of Dr. Eldering And Associated Document Productions ("Callwave's Motion") filed contemporaneously herewith. Pursuant to Local Rule 7.1.1, Callwave has shared its proposed briefing schedule with Defendants Google, Inc. ("Google") and BroadSoft, Inc. ("BroadSoft") and discussed the reasons therefore; Defendants do not agree to expedite the briefing schedule. The reasons for the instant motion are as follows:

1. On September 18, 2015, the parties exchanged Reply Expert Reports. Defendants submitted the Reply Expert Report of Dr. Eldering regarding invalidity, which included opinions about the Shared Call Appearance feature of the BroadWorks platform and release dates of BroadWorks software that had not previously been disclosed in Defendants' Invalidity Contentions or in Dr. Eldering's Opening Expert report. Defendants also produced new technical documents supporting those new opinions.

2. The parties scheduled the deposition of Dr. Eldering for October 9, 2015.

3. On the morning of October 7, 2015, the Special Master issued an Order providing that Callwave was entitled to an additional six hours of deposition with BroadSoft's technical 30(b)(6) witness, Mr. Scott Hoffpauir, as well as two additional days of source code review, but otherwise limiting discovery requested by Callwave.

4. In the afternoon of October 7, 2015, BroadSoft produced what it termed a "demonstrative exhibit" to Dr. Eldering's deposition, including a video purporting to show Dr. Eldering using a working version of Release 8 of BroadWorks. Neither the software purporting to be demonstrated nor the video had been produced to Callwave prior to that date and the software has still not been produced, but only allowed for inspection at BroadWorks headquarters in Maryland.

5. Because of Defendants surprise and belated disclosure of BroadSoft's own software, and Defendants October 7, 2015 disclosure of new opinion testimony by Dr. Eldering in the form of "demonstrative exhibits" about the previously undisclosed software, Callwave asked to reschedule the deposition unless Defendants would agree not to rely on the new software, which Callwave would have no opportunity to review before the scheduled deposition. Defendants would not agree, so the deposition was postponed.

6. If Defendants are allowed to rely on this previously undisclosed software and Defendants new invalidity theory and supporting documents, significant discovery may be necessary, including written discovery, the completion of 30(b)(6) and other necessary depositions, inspection of the purported working version of BroadWorks Release 8, the inspection of source code corresponding the purported working version, and preparation of Supplemental Expert Report.as well as the inspection of the newly produced demonstrative. Moreover, Dr. Eldering's deposition will need to be rescheduled.

7. The outcome of Callwave's Motion will be determinative of the scope of further discovery and the scope and timing of Dr. Eldering's rescheduled deposition, as well as the issues presented to the Court on summary judgment and *Daubert* motions..

8. The deadline for filing dispositive motions and *Daubert* motions in this matter is November 4, 2015.  The standard briefing schedule, under Local Rule 7.1.2(b), for Callwave's Motion, filed herewith, would not be completed before this deadline.

Wherefore, Callwave respectfully requests the Court to enter the attached Order granting this motion and shortening the briefing periods on Callwave's Motion such that each party will have three business days for its response:

1. October 21, 2015 is the deadline for Defendants' Opposition Briefing, with any supporting papers, to Callwave's Motion;

2. October 26 is the deadline for Callwave's Reply Briefing, with any supporting papers, to Callwave's Motion.


Dated: October 16, 2015

PEPPER HAMILTON LLP

*/s/ James G. McMillan, III*
Edmond D. Johnson (#2257)
James G. McMillan, III (#3979)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500
johnsone@pepperlaw.com
mcmillaj@pepperlaw.com

*Counsel for Plaintiff Callwave Communications, LLC*