IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, L.L.C., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 1:12-cv-01701-RGA |
| AT&T MOBILITY LLC, and GOOGLE, INC. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, L.L.C., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 1:12-cv-01702-RGA |
| SPRINT SPECTRUM L.P., GOOGLE, INC., and SPRINT COMMUNICATIONS COMPANY L.P. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, L.L.C., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No.: 1:12-cv-01704-RGA |
| VERIZON SERVICES CORP., GOOGLE, INC., and CELLCO PARTNERSHIP d/b/a Verizon Wireless | : | |
| Defendants. | : | |

| BROADSOFT, INC., | : |  |
|---|---|---|
| Plaintiff, | : | |
| v. | : | C.A. No.: 1:13-cv-0711-RGA |
| CALLWAVE COMMUNICATIONS, L.L.C., | : | |
| Defendant. | : | |

# RULINGS AND RECOMMENDATIONS RELATIVE TO THE PARTIES' MOTIONS TO STRIKE AND OTHER DISCOVERY ISSUES

A hearing was held on December 2, 2015 in connection with discovery disputes arising between plaintiff Callwave and defendants Google and Broadsoft.

1. At the time of the December 2, 2015 hearing, plaintiffs requested that I reconsider my prior ruling regarding the production of Dr. Burger's expert report, testimony, and any declarations or affidavits from *OneNumber v. Google*. My previous ruling denied Callwave's request, as I found that Dr. Burger's opinions in the *OneNumber* case were particular to that matter. At the time of the December 2 hearing, after having a brief argument on that matter, I denied Callwave's subsequent request.

2. Following the hearing, having re-read the relevant portions of the briefs on that issue, as well as the transcript from the hearing, I am vacating my prior Order. Given the subsequent discovery that has taken place since my August 17 ruling, I find that Dr. Burger's *OneNumber* reports and testimony include Dr. Burger's opinions on prior art asserted by Google in this litigation and are therefore relevant. I order Google to produce Dr. Burger's expert report and testimony in connection with the *OneNumber v. Google*

litigation. Those materials should be produced by December 11, 2015.

3. With regard to the other discovery requests submitted by Callwave and as set forth in the briefs submitted prior to the December 2 hearing, I encouraged counsel to attempt to work out an agreement between them on the production of the requested materials. If they are unable to do so, Callwave will advise so that a hearing can be scheduled promptly.

4. Plaintiff Callwave filed a Motion to Strike seeking an Order precluding the defendants from relying upon or offering the expert testimony of Dr. Charles Elderling pertaining to the BroadWorks' "Shared Call Appearance," new technical documents and BroadWorks' Release 8 Software. Defendants filed an opposition to the Motion to Strike, and filed a Counter Motion to Strike plaintiff's new validity opinions, and portions of the reply report of Callwave's expert, Dr. David Lucantoni.

5. The Court evaluates discovery issues in patent cases under Third Circuit law. *See Dow Chem. Co. v. Nova Chems. Corp.,* 2010 WL 20444931, at *1 (D. Del. May 20, 2010). Pursuant to Federal Rule of Civil Procedure 26(1)(2)(D), parties must disclose expert testimony "at the times and in the sequence that the Court orders." If a party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," it must supplement or correct its disclosure. Fed. R. Civ. P. 26(e). "However, parties may not use their obligation to

supplement as an excuse to violate the clear terms of a scheduling order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.,* Civ. No. 09-152, 2011 WL 1897322, at *3 (D. Del. May 19, 2011). When expert testimony is not timely disclosed, the court has the authority to exclude that testimony from evidence. *See United States v. 68.94 Acres of Land,* 918 F.2d 389, 396 (3d Cir. 1990).

6. Exclusion of expert opinion and testimony may occur under Rules 37 or 16(f). Under Rule 16(f), the Court may impose sanctions if, inter alia, a party or its attorney "fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f). Under Rule 37(c)(1), a party that fails to comply with Rule 26(a) or (e) (regarding failure to disclose or supplement) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Third Circuit Courts consider five factors when deciding whether or not to preclude evidence under Rule 37: (1) the prejudice to or surprise of the party against whom the evidence is offered; (2) the ability of that injured party to cure the prejudice; (3) the likelihood of disruption of trial; (4) the bad faith or wilfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the proffering party. *See Konstantopoulos v. Westvaco Corp.,* 112 F. 3d 710 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n.* 559 F .2d 894, 904-05 (3d Cir. 1977)). "Courts must...be mindful that the 'exclusion of critical evidence is an "extreme" sanction, not normally to be imposed absent a showing of wilful deception or "flagrant disregard" or a Court Order by the proponent of the

evidence." *Tracinda Corp. v DaimlerChrysler AG,* 362 F. Supp. 2d 487, 506 (D. Del. 2005) (citation omitted).

7. In utilizing the *Pennypack* analysis, "Courts favor the resolution of disputes on their merits." *Abbott Labs.,* 2011 WL 1897322, at *5; *see also Prof'l Cleaning & Innovation Bldg. Servs., Inc., v. Kennedy Funding, Inc.,* 245 F. App'x 161, 165 (3d Cir. 2007) ("[O]ne of the basic objectives of the federal rules...[is] the determination of cases on their merits.") "This is particularly true with respect to the validity of patents." *Abbott Labs.,* 2011 WL 1897322, at *5; *see also U.S. v. Glaxo Grp. Ltd.,* 410 U.S. 52, 69 (1973) ("[T]here is a public interest favoring the judicial testing of patent validity...For when a patent is invalid, the public parts with the monopoly grant for no return, the public has been imposed upon and the patent clause subverted.")

8. However, the Federal Circuit and Delaware Courts can exclude evidence and preclude reliance on expert testimony when it is untimely due to incurable prejudice and disruption of the trial schedule. *See Siemens Medical Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.,* 637 F.3d 1269 (Fed. Cir. 2011)(affirming under 3rd Circuit law, preclusion of expert testimony on matters not disclosed in the expert report and reliance on testing that was not disclosed during discovery); *Bridgestone,* 2007 U.S. Dist. LEXIS 11370, *15 (excluding prior art not disclosed prior to court-ordered deadlines, noting that a fair opportunity to respond would require extensions of the Court's deadlines); *Vehicle IP,* 2013 U.S. Dist. LEXIS 127816 (excluding expert testimony regarding an invalidity theory due to prejudice caused by the lack of a full opportunity to take discovery);

*Praxair*, 231 F.R.D. at 464 (excluding prior art and new invalidity defenses disclosed after the close of fact discovery); *Invista North America S.A.R.I. v. M&g USA Corp.*, 2013 U.S. Dist. LEXIS 66633, *12 (*D. Del. 2013) (excluding expert opinions that contained previously undisclosed theories of invalidity).

9. Plaintiffs maintain that the defendants' shifting sands approach to litigation, the late production of materials, and defendants' pattern of untimely disclosures have caused them incurable prejudice. Defendants allege plaintiff's shifting infringement theories, late invalidity arguments, and radically-narrowed claim construction have prejudiced their ability to put forward the merits of their defense. I appreciate the parties' positions and the frustration over the course of this litigation, evidenced by the submissions and at the time of the hearing. However, my decision on the Motions to Strike rests upon my analysis of the *Pennypack* factors.

10. Pursuant to *Pennypack* factors 1 and 2, I find that no prejudice exists that cannot be cured with the depositions of Dr. Enderling and Mr. Hoffpauir. The depositions of Dr. Elderling and Mr. Hoffpauir should take place promptly. Pursuant to *Pennypack* factor Number 3, there is no disruption of a trial date because none exists. Pursuant to *Pennypack* factor Number 5, the importance of the expert opinions of Dr. Enderling's and Dr. Lucantoni's to the proffering parties is clear if this litigation is to proceed on the merits of the case.

11. Finally, *Pennypack* factor Number 4 requires a review of whether there has been any bad

faith or wilfulness by a party in not complying with the disclosure rules. The submissions by the parties suggest that both plaintiff and defendants believe that the other side is not abiding by the deadlines imposed in this case. Each side also maintains that to the extent any delays have occurred, those delays are reactionary to the tactics of the opposing side. As a result, it is difficult to find any bad faith or intentional conduct has occurred to warrant a sanction as extreme as striking a party's expert witness.

12. Additionally, the plaintiff alleges a pattern of bad behavior by the defendants and argues that information has been withheld inappropriately and in violation of the scheduling order. I agree that the production of the New BroadWorks Release 8 software and "demonstrative exhibits" produced shortly after my prior ruling is suspect. However, absent a finding of an ongoing pattern of behavior which would indicate a wilful disregard of the Court Order, I cannot order a sanction to eliminate evidence critical to the case.

For all the reasons as set forth above, both plaintiff and defendants' Motions to Strike are denied. Such is the Ruling and Recommendation of the Special Master.

YVONNE TAKVORIAN SAVILLE
Special Master
United States District Court
for the District of Delaware

Dated: 12/10/15