IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1701-RGA |
| | : | |
| AT&T MOBILITY LLC, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1702-RGA |
| | : | |
| SPRINT NEXTEL CORP., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1704-RGA |
| | : | |
| VERIZON COMMUNICATIONS INC., et al., | : | |
| | : | |
| Defendants. | : | |

BROADSOFT INC., :
:
        Plaintiff, :
:
v. : Civil Action No. 13-711-RGA
:
CALLWAVE COMMUNICATIONS LLC, :
:
        Defendant. :

## MEMORANDUM ORDER

Plaintiff filed a motion to strike the testimony of Dr. Eldering "and associated document productions." (D.I. 427).[1] The testimony would relate to Dr. Eldering's invalidity theories based on the "Shared Call Appearance" feature of the BroadWorks product, which were disclosed in a reply expert report. (*Id.*). Defendants Broadsoft and Google filed a motion to strike the testimony of Dr. Lucantoni. (D.I. 448). The testimony would relate to Dr. Lucantoni's infringement opinions relating to the DSCI UCx product disclosed in his reply expert report, and to validity opinions disclosed in his "rebuttal" (or, as I would call it, "answering") report. The parties have briefed these motions. (D.I. 428, 448, 458, 463).[2]

The Special Master considered these motions, including having a hearing on December 2, 2015 (D.I. 474, Exh. B), and promptly issued Rulings and Recommendations (D.I. 470), recommending resolutions to the motions. Plaintiff objected (D.I. 474), and Defendants responded. (D.I. 492). The issue is now (and, unfortunately, has been for a while) ripe for decision. I do not think oral argument (*see* D.I. 495) will assist the Court, particularly in light of

---

[1] All citations are to Case No. 12-1701.

[2] There was a motion to expedite the briefing (D.I. 429), which I will dismiss as moot.

the full record made before the Special Master.

The first issue is the standard of review. Plaintiff says it is plenary (D.I. 474, p.4); Defendants say it is abuse of discretion. (D.I. 492, pp. 3-4). The relevant rule states that "findings of fact" and "conclusions of law" must be reviewed *de novo*. Fed. R. Civ. P. 53(f)(3) & (4). On the other hand, "the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5). What is the line between a procedural matter and a non-procedural matter? A schedule would be a procedural matter.[3] Failure to file something before the Special Master according to the schedule set would be a procedural matter. *See Net2Phone, Inc. v. Ebay, Inc.*, 2008 WL 8183817, *5 (D.N.J. June 26, 2008). On the other hand, resolution of attorney-client privilege issues is not a procedural matter. *See id.* In my opinion, a ruling on the exclusion of evidence at trial, based on consideration of the *Pennypack* factors, seems like something more than a procedural matter, as it involves findings of fact and, ultimately, a conclusion of law. It appears to me that I must review *de novo* the rulings that are challenged.[4]

The Special Master's ruling considered the *Pennypack* factors, and recommended denying both motions to strike. (D.I. 470, ¶¶ 4-12). In making its objections to the Special Master's ruling, Plaintiff relies principally upon repeated italicization of the phrases "pattern of behavior"

---

[3] The "scope of discovery" is a procedural matter. *In re Hardieplank Fiber Cement Siding Litigation*, 2014 WL 5654318, *1 (D.Minn. Jan. 28, 2014). *Accord, Nippon Steel & Sumitomo Metal Corp. v. Posco*, 2014 WL 1266219, *1 (D.N.J. Mar. 26, 2014).

[4] I acknowledge that in *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 WL 1883960, *2-3 (D.Del. Apr. 24, 2015), Judge Stark held that a Special Master's ruling on a motion to strike an expert report was a "procedural matter[]." Judge Stark then reviewed two such rulings under both an abuse of discretion standard and a *de novo* standard. I would interpret this as indicating less than 100% certainty in the holding that the abuse of discretion standard was the correct standard of review.

and "incurable prejudice" throughout its ten pages of objections.

On the issue of pattern of behavior, I conclude that the record does not establish bad faith or willfulness by Defendants. I note that generally in my numerous interactions with the parties in this case before December 2015, both sides were following the "shifting sands" approach to litigation. Every allegation of misconduct by one side was responded to by raising some prior alleged misconduct by the other side. Defendants' explanations for their actions as responses to Plaintiff's actions are plausible.

On the issue of prejudice, the Special Master noted, "no prejudice exists that cannot be cured with the depositions of Dr. Enderling and Mr. Hoffpauir." (*Id.*, ¶10). The "Shared Call Appearance" is a feature in the BroadWorks product. Mr. Hoffpauir is a Broadsoft employee who is the "guru on BroadWorks and prior art versions of BroadWorks." (D.I. 474, Exh. B., p.33). I cannot tell from looking at the docket whether these two individuals have since been deposed, although it was represented that they were going to be.[5] (*Id.*, p.78). In any event, while there is a lot of inflammatory rhetoric, I do not see any prejudice that cannot be cured by taking the two depositions.

I also note that, in my opinion, any delay in getting to trial is attributable to the actions of both sides. I further note that the invalidity issue here is a merits defense. I cannot tell where it ranks in importance among the various invalidity issues that have been raised by Defendants. I do tend to think that the fact that both parties are arguing over this particular issue suggests that they do see it as important.

Thus, Plaintiff's objections are **OVERRULED**, and the Court **ADOPTS** the Rulings and

---

[5] Defendants asserted that Plaintiff would not take the depositions until after the present objections were resolved. (D.I. 492, p.8). By letter dated June 15, 2016, Plaintiff confirmed that the depositions have not been scheduled or taken to date. (D.I. 592).

Recommendations Relative to the Parties' Motions to Strike and other Discovery Issues. (D.I. 470; No. 12-1702, D.I. 469; No. 12-1704, D.I. 448; No. 13-711, D.I. 263). Plaintiff's motion to strike (D.I. 427; No. 12-1702, D.I. 446; No. 12-1704, D.I. 407; No. 13-711, D.I. 241) is **DENIED**. Defendants' motion to strike (D.I. 448; No. 12-1702, D.I. 457; No. 12-1704, D.I. 407; No. 13-711, D.I. 252) is **DENIED**. The motion to expedite the briefing (D.I. 429, No. 12-1702, D.I. 447; No. 12-1704, D.I. 408; No. 13-711, D.I. 242) is **DISMISSED** as moot.

IT IS SO ORDERED this 16 day of June 2016.

United States District Judge