IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1701-RGA |
| | : | |
| AT&T MOBILITY LLC, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1702-RGA |
| | : | |
| SPRINT NEXTEL CORP., et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1703-RGA |
| | : | |
| T-MOBILE USA, INC., et al., | : | |
| | : | |
| Defendants. | : | |

| | |
|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : |
| Plaintiff, | : |
| v. | :  Civil Action No. 12-1704-RGA |
| VERIZON COMMUNICATIONS INC., et al., | : |
| Defendants. | : |

| | |
|---|---|
| CALLWAVE COMMUNICATIONS LLC, | : |
| Plaintiff, | : |
| v. | :  Civil Action No. 12-1788-RGA |
| AT & T MOBILITY LLC, et al., | : |
| Defendants. | : |

**ORDER**

I now have Plaintiff's "Motion for Vacatur" (No. 12-1701, D.I. 751; No. 12-1702, D.I. 661; No. 12-1703, D.I. 377; No. 12-1704, D.I. 702, No. 12-1788, D.I. 325) pending before me. This is patent case. I did claim construction and, on summary judgment, granted Defendants' motion that claims 14-17, and 19 of Patent No. 6,771,970 are invalid under § 101.

I entered a final judgment. Plaintiff appealed. The parties settled while the case was on appeal.

The motion for vacatur seeks to vacate my claim construction of "remote tracking system," and the judgment that claims 14-17 and 19 are invalid. Plaintiffs say that vacatur "will avoid further burdening the Federal Circuit and this Court." It is not obvious to me how granting or denying vacatur will have any impact on this court, and I doubt that the Federal Circuit would

find that it had jurisdiction to review a claim construction in a settled case. On the invalidity question, perhaps Plaintiff could pursue the appeal even though it has settled the case, although I tend to think a case that has settled on appeal does not have any collateral estoppel effect on a party.[1]

I have had this issue arise twice before. *See Purdue Pharma LP v. Acura Pharmaceuticals Inc.*, No. 15cv292-RGA, D.I. 63 (May 24, 2016); *Alltech Associates Inc. v. Teledyne Instruments Inc.* No. 13-425-RGA, D.I. 156 (Feb. 12, 2015). So have other judges of this District. *See Forest Labs, Inc. v. Teva Pharmaceuticals USA Inc.*, 2016 WL 3606177 (D.Del. May 25, 2016).

In any event, I will deny the motion, without prejudice to refiling a fully briefed motion. I think I should only grant such a motion if there are exceptional circumstances present. *See Cisco Systems, Inc. v. Telcordia Techs, Inc.*, 590 F.Supp.2d 828, 830 (E.D. Tx. 2008).[2] No such circumstances have been suggested, and none occur to me.

The motion for vacatur is **DENIED** without prejudice.

IT IS SO ORDERED this 10 day of October 2017.

                                                         /s/ Richard G. Andrews
                                                       United States District Judge

---

[1] Plaintiff's motion for vacatur is cursory, and thus does not brief the possible issues.

[2] The Court of Appeals remanded the case for application of "the principles enunciated in *United States Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994)." Plaintiff's motion neither mentions the case nor the principles it sets forth. That case states, "exceptional circumstances may conceivably counsel in favor of [vacatur]." *Id.*